IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARACELI ROQUE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO: 3:20-cv-03590 |
| | § | |
| TIO CARLOS RESTAURANT, | § | |
| MEXICAN-LATIN GRILL, | § | |
| owned by JUDGE BEANS | § | |
| XVII, INC. | § | |
| | § | |
| Defendant. | § | JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff Araceli Roque ("Plaintiff") complains of Defendant, Tio Carlos Restaurant, Mexican-Latin Grill, owned by Judge Beans XVII, Inc. ("Tio Carlos" or "Defendant") and for causes of action would show the Court as follows:

### I.

### INTRODUCTION

1.01   Plaintiff brings this action for sex discrimination, sex harassment, and unlawful retaliation under Title VII and the Texas Human Rights Act ("TCHRA").

### II.

### JURISDICTION AND VENUE

2.01   Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, and pendant and supplemental jurisdiction of the common law claims.

2.02   This court has jurisdiction because this controversy is based upon the Texas Human Rights Act.

2.03    Defendant, at all relevant times herein, employed over twenty employees in the current or preceding calendar year and is engaged in an industry affecting commerce within the meaning of the Texas Human Rights Act and Title VII.

2.04.   Defendant is an employer within the meaning of the Texas Human Rights Act and Title VII.

2.05.   Venue for all causes of actions stated herein lies in the Northern District of Texas because the acts alleged in this Complaint took place, in whole or in part, within the boundaries of this District pursuant to 28 U.S.C. § 1391.

## III.

## PARTIES

3.01.   Plaintiff Araceli Roque is an individual, residing at 904 West Rochelle Rd. Apt 110, 0 Irving TX 75062. Plaintiff may be contacted through her attorney.

3.02.   Based upon information and belief, Defendant Tio Carlos Restaurant, Mexican-Latin Grill, owned by Judge Beans XVII, Inc., is a domestic For Profit Corporation doing business in Texas at 2742 N. O'Connor Road, Ste. 104, Irving, Texas 75062. Plaintiff may be served by serving its registered agent, Carlos A. Benitez, located at 1403 Plantation Drive North, Colleyville, TX 76034, or 314 N. Main Street, Keller, Texas 76248, or wherever found.

## 1V.

## FACTUAL ALLEGATIONS

4.01.   Plaintiff, began working for Defendant on March 14, 2015 as a manager on Defendant's premises. Although Plaintiff performed all the services and functions of a manager, Defendant neglected and refused to pay Plaintiff manager wages despite Plaintiff's repeated complaints about the significant pay disparity.

4.02.   On or about June, 2017, Angel E. Garcia ("Garcia"), who was previously a bartender at Defendant's restaurant, was promoted to the position of manager, the same position that Plaintiff held.  Unlike Plaintiff, Garcia was paid significantly higher wages than Plaintiff.

4.03.   In his role as manager, Garcia frequently made unwelcome advances towards Plaintiff and the other waitresses in Defendant's restaurant.  Garcia would touch Plaintiff's legs and grab her hips whenever he had the opportunity.  Garcia would also ask Plaintiff to go with him to the restroom when nobody was around.  Garcia also made unwelcome comments such as "your breasts look great".

4.04.   Garcia was not the only member of management to harass the Plaintiff and other female waitresses.  Carlos Benitez ("Benitez"), another manager at the Defendant's restaurant, also created a hostile environment by being dismissive over the Plaintiff's complaints, and insulting the employees.  At one point, Benitez threw a plate at Plaintiff in order to intimidate her.

4.05   Plaintiff was not the only employee who endured this unwelcome harassment. Other waitresses also experienced similar harassment. As a result of Garcia's behavior and Defendant's ratification of the same, Plaintiff was forced to endure a sexually hostile work environment.

4.06   In approximately September 2017, Plaintiff and other waitresses went to Defendant's General Manager, Carlos Benitez ("Benitez") To direct Garcia stop sexually harassing them by touching them every chance that he gets. Benitez responded that whoever does not like Garcia's behavior should simply call the police.

4.07.   On or about October 2017, Plaintiff filed a sexual harassment charge with the Irving Police Department.  On or about January 15, 2018, an Irving Police Officer came to the restaurant to investigate Plaintiff's complaint.

4.08.   The following day, January 16, 2018, Plaintiff was terminated by Defendant's General Manager Shelly Harber ("Harber").  Defendant's stated reason for terminating the Plaintiff

was "Repeated Insubordination". This is a false statement and is intended as a cover up for the true reasons, which were discrimination and retaliation for complaining of sexual harassment and a sexually hostile work environment.

## V.

## CAUSES OF ACTION

### FIRST COUNT

### DISCRIMINATION BECAUSE OF SEX
### IN VIOLATION OF TITLE VII, 42 U.S.C. § 2000(E) *ET SEQ*

5.01   The foregoing paragraphs of this Complaint are incorporated in this count as fully as if set forth at length herein.

5.02   Plaintiff is an employee within the meaning of 42 U.S.C. § 2000e(f) Title VII and belongs to a class protected under the statute, namely females.

5.03   Defendant is an employer within the meaning of 42 U.S.C. § 2000e(d) Title VII, since it employs more than fifteen employees.

5.04   Defendant intentionally discriminated against Plaintiff because of her sex in violation of Title VII by allowing Plaintiff to be sexually harassed the workplace creating a work environment hostile to women and discriminating against Plaintiff in terms of compensation. .

5.05   Plaintiff not only complained to Defendant's management about the harassment but also to the local authorities. Plaintiff has timely filed a charge of discrimination with the Equal Opportunity Employment Commission ("EEOC") and the Texas Workforce Commission. Plaintiff received a Notice of Right to Sue and has timely filed this action against Defendant.

5.06   As a direct and proximate result of Defendant's conduct, Plaintiffs suffered the following injuries and damages:

      a.   Plaintiff suffered mental anguish and emotional distress, as well as loss of enjoyment of life, inconvenience, and general damages; and

      b.    Plaintiff suffered lost wages and related benefits.

5.07    Plaintiff is entitled to an award of attorneys' fees and costs under Title VII, U.S.C. §2000e-5(k).

5.08    Defendant violated Title VII by discriminating against Plaintiff in connection with compensation, terms, conditions, or privileges of employment because of Plaintiff's sex. Plaintiff was subjected to a continuous course of harassment and worked in a sexually hostile environment.

5.09    Such discrimination by Defendant against Plaintiff was intentional. Accordingly, Plaintiff is entitled to recover damages for back pay, front pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other non-pecuniary damages. Further, this discrimination was done with malice or with reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore also entitled to recover punitive damages.

## VI.

## SECOND COUNT

### UNLAWFUL RETALIATION IN VIOLATION OF 42 U.S.C. § 2000(E) *ET SEQ*

6.01    The foregoing paragraphs of this Complaint are incorporated in this count as fully as if set forth at length herein.

6.02    Pursuant to 42 USC section 2000(E) *et seq.*, an employer commits an unlawful employment practice if the employer retaliates or discriminates against a person who opposes a discriminatory practice; makes or files a charge; files a complaint; or testifies, assists, or participates in any manner in an investigation, proceeding, or hearing.

6.03   Defendant retaliated and discriminated against Plaintiff after she complained to Defendant and to local authorities about the unwelcome advances and sexually hostile environment in the work place by allowing the sexually hostile environment to persist and ultimately terminating Plaintiff's employment.

6.04   Defendant terminated Plaintiff's employment on January 16, 2018. Defendant's stated reason for Plaintiff's termination is protectable and unworthy of belief. This stated reason is a pretext for retaliation because Plaintiff had committed no wrongdoing.

6.05.   Defendant knowingly and willfully retaliated against Plaintiff for her protected activity in violation of Title VII.

6.06   Defendant's conduct was malicious and/or taken with reckless disregard for Plaintiff's rights. It was foreseeable by Defendant that Plaintiff would suffer emotional and financial harm as a result of the retaliation and discrimination.

## VII.

### THIRD COUNT

#### GENDER DISCRIMINATION AND SEXUAL HARASMENT IN VIOLATION OF TEXAS HUMAN RIGHTS ACT

7.01   Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs and incorporates the same as if set forth at length herein.

7.02   Plaintiff is an employee within the meaning of TCHRA.

7.03   Defendant is an employer within the meaning of TCHRA.

7.04   All conditions precedent to filing this action for gender discrimination and retaliation under state and federal law have been met. Plaintiff timely filed with the Texas Workforce Commission ("TWC") and Equal Employment Opportunity Commission ("EEOC") a Charge of Discrimination against Defendant. Plaintiff received a Notice of Right to Sue from the Texas

Workforce Commission within 90 days of the filing of this Petition. A copy of the Notice of Right to File a Civil Action is attached as Exhibit A.

7.05 Defendant has violated the Texas Human Rights Act, Texas Labor Code § 21.001 *et seq.*, by discharging Plaintiff and/or discriminating against Plaintiff in connection with compensation, terms, conditions or privileges of employment because of Plaintiff's gender. Furthermore, Defendant's acts of discrimination against Plaintiff and other employees represent a pattern and practice of discrimination.

7.06 As a result of Defendant's unlawful employment practices, Plaintiff has suffered damages including back pay, front pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, and seeks to recover for those sums.

7.07 Defendant's action in discharging Plaintiff due to her gender was intentional, willful and malicious so that Plaintiff is entitled to recovery of exemplary damages.

7.08 Plaintiff is entitled to an award of attorney fees and costs under Texas Labor Code Ann**.** **§** 21.259.

## VIII.

## FOURTH COUNT

### RETALIATION IN VIOLATION OF THE OF TEXAS HUMAN RIGHTS ACT

8.01 Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs and incorporates the same as if set forth at length herein.

8.02 Defendant has retaliated against Plaintiff by subjecting her to retaliatory acts for opposing a discriminatory practice and filing a gender discrimination complaint. Defendant has thereby intentionally engaged in unlawful employment practices prohibited by Texas Human Rights

Act, Texas Labor Code § 21.001 *et seq.* All conditions precedent to filing this action for discrimination under state and federal law have been met. Plaintiff timely filed with the Texas Workforce Commission ("TWC") and Equal Employment Opportunity Commission ("EEOC") a Charge of Discrimination against Defendant. Plaintiff received a Notice of Right to Sue from the Texas Workforce Commission within 90 days of the filing of this Petition. A copy of the Notice of Right to File a Civil Action is attached as Exhibit A.

8.03   Defendant retaliated against Plaintiff because of Plaintiff's protected activity in the form of complaints to Defendant's management of sexual harassment and reports to the Irving Police Department, EEOC by subjecting Plaintiff to a hostile environment and terminating her employment in order to destroy Plaintiff, her career, and her personal life.

8.04.   Such retaliation by Defendant against Plaintiff was intentional. Accordingly, Plaintiff is entitled to recover damages from Defendant for back pay, front pay, future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other non-pecuniary losses. Further, this retaliation was done by Defendant with intentional malice or with reckless indifference to Plaintiff's protected rights. Such retaliation constitutes gross, wanton, reckless and/or intentional violation of Plaintiff's rights under the Texas Human Rights Act. Plaintiff is therefore also entitled to recover punitive damages.

8.05.   Plaintiff is entitled to an award of attorneys' fees and costs under Texas Labor Code Ann**. §** 21.259.

## IX.

## JURY DEMAND

9.01.   PLAINTIFF DEMANDS A TRIAL BY JURY.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have and recover the following relief against Defendant:

- A. Judgment for back pay and front pay and all past and future lost benefits;

- B. Judgment for actual damages in the amount of past and future lost earnings and benefits, and damages to past and future earnings capacity;

- C. Punitive damages for malice, reckless indifference and other actions by Defendant as stated herein;

- D. Compensatory damages for the humiliation, damage to reputation, mental and emotional distress, and pain and suffering Plaintiff has experienced and endured as a result of the discriminatory actions of Defendant;

- E. The costs and expenses incurred by Plaintiff in seeking new employment;

- F. Damages for past and future mental anguish and emotional distress and damages to reputation;

- G. Liquidated damages to the fullest extent allowed by law;

- H. Economic and reliance damages,

- I. Pre-judgment and post-judgment interest at the maximum legal rate;

- J. Attorney's fees;

- K. Expert's fees;

- L. All costs of court; and

- M. Such other and further relief to which Plaintiff may be justly entitled.

*[Signature page to follow]*

Dated: this 8th day of December 2020.

                                                      Respectfully submitted,

                                                      KILGORE & KILGORE, PLLC

                                    By:    /s/ Nicholas A. O'Kelly
                                                     NICHOLAS A. O'KELLY
                                                     State Bar No. 15241235
                                                     nao@kilgorelaw.com
                                                     Kilgore Law Center
                                                     3109 Carlisle Street
                                                     Dallas, Texas 75204
                                                     (214) 969-9099 – Telephone
                                                     (214)953-0133 - Facsimile

                                                     **ATTORNEYS FOR PLAINTIFF**
                                                     **ARACELI ROQUE**

| EEOC Form 161-B (11/16) | U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION |
|---|---|

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Araceli Roque<br>904 West Rachelle Rd<br>Apt # 110<br>Irving, TX 75062 | From: | Dallas District Office<br>207 S. Houston St.<br>3rd Floor<br>Dallas, TX 75202 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 450-2018-00398 | Esaid Olvera,<br>Investigator | (972) 918-3613 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*                                                          September 9, 2020

Enclosures(s)                                                          *(Date Mailed)*

**Belinda F. McCallister,**
**District Director**

cc:   H. Harber, Personnel Administrator            Nick O'Kelly, Attorney
      TIO CARLOS RESTAURANT #102                    KILGORE AT LAW
      2742 North O'Connor Rd., Suite # 104          3109 Carlisle Street
      Irving, TX 75062                              Dallas, TX 75204

Enclosure with EEOC
Form 161-B (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*